UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MEREDITH O'FLAHERTY,

Petitioner,

v.

WARDEN NEVEN, *et al.*,

Respondents.

Case No. 2:16-cv-01985-JCM-NJK

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Petitioner has paid the filing fee for this action. (ECF No. 6). The petition shall now be filed and served on respondents, as set forth at the conclusion of this order.

Petitioner has filed a motion seeking the appointment of counsel. (ECF No. 2). Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. The appointment of counsel is not justified in this instance. The motion is denied. Petitioner has filed a motion to compel the production of medical records. (ECF No. 3). In habeas corpus actions, discovery is regulated by Rule 6 of the Rules Governing Section 2254 Cases.

Rule 6 provides that discovery in habeas corpus actions may be invoked only after obtaining leave of court and upon a showing of good cause. Rule 6(a) states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." This habeas action is in its early stages and petitioner has not shown good cause. Petitioner's motion is denied, without prejudice to raising the issue later in this case, if good cause exists.

**IT IS THEREFORE ORDERED** that the clerk shall **FILE and ELECTRONICALLY SERVE** the petition upon the respondents. The clerk of court **SHALL ADD** attorney general Adam Paul Laxalt to the CM/ECF docket sheet as counsel for respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from the entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address all claims presented in the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno** division of the clerk of court.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to compel production of medical records (ECF No. 3) is **DENIED.**

Dated this 28th day of February, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE